Chief Judge Fuld.
We agree with the conclusion reached by Presiding Justice Stevens in his dissenting opinion in the Appellate Division. The Board of Education must prepare and submit a new school districting plan for the Borough of Manhattan and thereafter hold a public hearing on such plan in accordance with the provisions of the Education Law (§ 2590-b; L. 1969, ch. 330, as amd. by L. 1970, ch. 3).
It is clear that the ‘ ‘ Proposed Plan for a Community School District System,” upon which the hearings herein were held, did not comply with the provisions of section 2590-b of the Education Law. Subdivision 2 (par. [b]) of that section recites that “ [t]he interim board of education shall prepare a tentative districting plan defining the boundaries of the community districts ” and that no such district “ shall contain less than twenty thousand pupils in average daily attendance in the schools under its jurisdiction ”. And subdivision 2 (par. [c] explicitly declares that, after the “ tentative districting plan [is] published * * * the interim board of education shall hold a public hearing or hearings thereon.”
The board’s “ tentative ” or proposed plan created districts which contained fewer pupils than the 20,000 prescribed by the statute and, by that token, it could not possibly have been accepted or adopted. In other words, no 1 ‘ tentative districting plan” (as defined by the Education Law provision) was ever published. Consequently, the hearings which the board in good faith held did not satisfy the statute’s requirements. This was no minor deviation. It was the legislative design that the local community be heard on the plan under consideration, which was possible of acceptance. Moreover, the Education Law unequivocally places the responsibility on the board, not on the members of the public attending the hearings, to formulate the initial *114 proposal for such valid plan and to hold public hearings upon that plan prior to its adoption. Concededly, no hearings were held on the plan which the board thereafter announced and adopted.
This is not to say that if, as a result of the hearings held, the board decides to modify its original valid proposal, it must resubmit the plan for new and further hearings. The plan finally adopted, however, must be derived from, and bear some reasonable resemblance to, the one initially proposed. In the present case, there was no such relationship between the plan initially published, providing for an impermissible and illegal division of the Borough of Manhattan into six school districts, and the radically different plan ultimately adopted, calling for the creation of five districts.
The order appealed from should be reversed, with costs in this court and the Appellate Division, and the case remitted to the Supreme Court, New York County, for further proceedings not inconsistent with this opinion.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, etc.